Smith, C. J.
The question is, whether the plaintiff is entitled to recover. This note is, in effect, payable after sixty days. If the words “ at Westford,” in the body of the note, had been omitted, it is clear no demand would have been necessary; a suit might have been commenced at any time after sixty days without demand. 1 Tidd, 887. Where the contract is to pay a collateral sum upon request, there the request, being parcel of the contract, and, as it were, a condition precedent, ought to be specially alleged with the time and place of making it; but where the contract is founded *170 on a precedent debt or duty, — as in the case of a bond, note, &c., for money lent, &c., — there no special request need be alleged or proved; the bringing of the action is sufficient request, (a) Chitty, 133 ; Evans, 95. Even in the case of an accepted bill, no request is necessary to be proved before suit commenced against the acceptor, because his engagement to pay is absolute. Where the action is against the indorser of a note, or drawer of a bill, there a demand in general must be proved of the acceptor or maker, and notice given to the defendant, because the defendant is not chargeable till such demand made, and default of payment and notice.
If, therefore, a demand is necessary in this case, it must be, as has been already mentioned, because the words “ at West-ford ” are inserted; and the doctrine must be that, where no place of payment is designated, then no demand is necessary; but, if the party bound to pay absolutely, — the debt being due from him, — specify a place where he will pay, in that case a demand must be made, or attempted to be made, at that place, before he is liable to a suit. I find no authority in favor of any such doctrine. On the contrary, I apprehend that the naming of a place of payment, in the case of an absolute note for money, given for a precedent debt, does not essentially vary the nature of the contract. The debtor is still bound to find out the creditor, and to pay, as he would have been in case no place of payment had been designated. Here he obliged himself to pay at Westford ; but this did not narrow the obligation he was under, in respect of the precedent debt, to pay anywhere. If the promise had been to deliver specific articles instead of money, the case would be different; the place must then be considered as parcel of the contract. Here it is only to be considered as a circumstance. Co. Litt. 212 a; Amer. Prec. 82.
In the case of Smith v. De la Fontaine, the acceptor of a bill of exchange accepted to pay at his banker’s. The plaintiff could not prove a presentment of the bill, or demand of pay *171 ment at the banker’s, notwithstanding which the jury found for him. The Court held, the proof unnecessary, and refused to grant a new trial. This is a stronger case than the present. The acceptor seems entitled to have the bill presented before he is called on for payment. He was not the original debtor. He was only liable on his engagement, and the promise was to pay when presented at his banker’s. Bishop v. Chitty, 2 Stra. 1195, is not contra. That was where the holder had taken a draft on the banker, and had been guilty of negligence in not demanding payment of the banker. To make this case like that, this note should have contained an engagement to pay at J. Abbot’s, or rather an engagement that J. Abbot should pay, and, if he did not, Henderson would.
Saunderson v. Judge, 2 H. Bl. 509, is not an authority for defendant. In that case, — indorsee v. indorser, — the maker, by memorandum at the bottom of the note, had engaged to pay at the house of Saunderson & Co. (plaintiffs). The maker had absconded. The Court held no demand was necessary in this case, Saunderson & Co. having no funcls of the maker, who had absconded; and, if necessary, it would be sufficient, if made at the place appointed. It was not determined that, if the suit had been against the maker, and the memorandum to be considered as a part of the contract, demand must have been made at the house of Saunderson & Co.
I have found no case where the naming of a place of payment has been held to make a demand necessary, where no demand was necessary before. Where a demand is necessary and a place be designated, there demand may be, and perhaps must be, at that place.
Dutch West India Co. v. Van Moses, 1 Stra. 612 (5 G. Bacon, 58 ; 2 Ld. Raym. 1532). Covenant to pay money borrowed at Amsterdam, the payment to be in the bank there. It was held that an action lay in England, where the debtor was found ; the action was really for the money lent, a thing transitory and personal. The defendant is a debtor wherever he goes, and may be sued wherever found. The case is only applicable so far as it goes to show that no proof *172 was required, of any demand for the money at the Bank of Amsterdam.
When a contract is made, in a particular country, for payment of money, whether a place in such country be specified, at which payment will be made, or not, it will be understood as the intention of the parties that it should be paid in such country; and yet, when sued in another country, it never was considered as a ground of defence, that no demand had been made in the country where the contract was made ; or, in other words, the place of payment of money due for a precedent debt is not material.
It is laid down in Co. Litt. 210 b, n. 1, that, if A. covenant with B. that C. shall pay B. ¿£100, at Rotterdam, without suit, on request, before B. can maintain an action against A. for the money, there must be a demand of C.; for A. only covenanted to pay on C.’s neglect or refusal. But this demand may be made anywhere; for, if limited to Rotterdam, perhaps C. might never go there, and then the engagement would be of no effect, (a)
But, if the law were otherwise, if the place were material in this case,— Henderson not obliged to pay till demand made at Westford, — yet the holder, under the circumstances of this case, is not obliged to make demand. He is entitled to sue without request, and that for two reasons.
1. Because the place is so uncertainly described that no demand could be made. (b) To say that the holder of the note may choose the place in Westford at which to demand is making the demand an idle, though an expensive, ceremony. Suppose it had been still more general, — an engagement to pay in the County of Middlesex or in the Commonwealth of Massachusetts.
If Henderson had notified the holder of the bill of a particular place in Westford at which he would pay, e. g. at *173 J. Abbot’s, if a demand necessary, this notice would cure the defect of uncertainty. No such notice was given.
2. The holder of this note is not bound to demand payment at Westford, because Henderson had removed from that place. Amer. Free. 82. It will not be pretended that plaintiff was bound to demand till December, 1805. There was then no person in Westford of whom demand could be made. According to the authority cited from Co. Litt. 210 b, n. 1, no demand at Westford was essentially necessary, (a) If the promisor has put it out of the power of the holder to make the demand at the place specified, he is not bound to demand elsewhere; and the promisor shall derive no advantage from his own act, nor shall he subject the holder to any disadvantage. (b)
It may, perhaps, be said that he might, in this case, have demanded at Jaffrey; but suppose Henderson had removed to Ohio, leaving estate in Jaffrey.
If Abbot be the agent of Henderson, no doubt Henderson, by giving notice to Walton that Abbot was his agent, might make demand on Abbot necessary (if a demand necessary at all). But no such notice was given. Walton was not obliged to apply to Abbot for payment, for this plain reason, he had no notice that Abbot would pay.
In this case there lias been no payment or tender, nor any thing equivalent to payment or tender, — any thing which in law or equity bars the plaintiff’s demand. The mere providing of a fund for the payment of this note is no defence in equity, unless the plaintiff had notice of the fund, and was bound to resort to it for payment (Folliot v. Ogden, 1 H. Bl. 123-136). The defence is not payment or tender, but that the plaintiff is not entitled to sue till he has demanded the money at Westford. My answer is, that, this note being given for a precedent debt, and being for the payment of *174 money absolutely, the place is not parcel of the contract, so as to make a demand necessary ; that the words “ at Westford ” have no effect. But if this be not so [my answer is], that the place is here so uncertainly described that it imposes no duty on the holder to make demand, at least till notice of a more particular place, e. g. J. Abbot’s dwelling-house, &c.; that, even if the place had been specially designated, when Henderson removed from Westford, the plaintiff became excused from the obligation to demand payment at Westford; and, as neither the law nor the contract imposed on him the necessity of demanding at any other place, this action is well brought without any demand; and, consequently, that the plaintiff is entitled to judgment.
I am glad to find the law is so, for, otherwise, many persons taking these notes as bank bills would be greatly defrauded. (a) I am of opinion that money had and received, money laid out and expended, and perhaps money lent, would lie in this case ; but it is not necessary to give an opinion on this point, as the Court is clearly of opinion that the action is maintainable on the note.
On this opinion given, the defendant, according to the terms of the agreement, was defaulted. (b) , [1]

 A contract in a particular place makes a man a debtor in every place in England. 1 Wms. Saund. 74.

а) This would be an authority to show that, if a demand necessary in this case, yet, if Henderson removes from Westford, Walton not obliged to demand.

б) I have found no case where the name of a town or city is held the designation of a place of payment.

 [Reference is here made to Ruggles v. Patten, 8 Mass. 480, and Dickinson v. Bowes, 16 East, 110.]

 If drawee or maker of bill or note has removed to an unreasonable distance or an unknown place, the bill or note is to be considered as dishonored. Bayl. Bills, 30; Ld. Raym. 743.

 Very few persons would, it is apprehended, advert to the words “ at Westford; ” and, if they did, fewer still would suppose that, if Henderson, the maker, thought fit to leave that place, the debt was lost unless they despatched a man, with a witness by his side, to demand payment in the streets of Westford. I believe no man, whose mind was not a little warped by legal quibbles, would ever think of setting out on so silly an errand.
(Qucere, whether the declaration should not have stated the matter of removal from Westford.)

 See 14 East, 498, semble contra; and 16 East, 110; 1 Wms. Saund. 83; N. H. Laws, Act of June 14, 1805, 397 ; Mass. Act on the same subject; Fenton v. Goundry, 2 Campb. 656, n.
Walcot, administratrix, v. Van Santvoord, Fed. Repub., Baltimore, Nov. 9, 1819; s. c. New York, October Term, 1819, held, that [in] actions *175 on notes or bills payable at a particular place, as against the maker of the note or the acceptor of the bill, it is not necessary for the plaintiff to allege or prove a presentment for payment at the time or place specified, but that the non-existence of the fact of presentment is matter of defence only, to be available when the defendant shows that he was ready at the day and place to pay. Utica Gaz.
See the case 17 Johns. 248, Walcot, administratrix, v. Van Santvoord.

 Brigham v. Smith, 1844, 16 N. H. 274, was an action on a note payable “at the Suffolk Bank, Boston, on demand.” It was held that a demand at that place was requisite to the maintenance of the suit. In an unre *175 ported case in Coos County, July Term, 1868, the note was payable “ on demand at Columbia; ” and a demand was held necessary. Authorities for and against the doctrine of Brigham v. Smith are cited in 1 Tars. Bills & IST. 1st ed. 429, 430, and in 1 Daniel, Neg. Inst. §§ 945-647.
In Cook v. Martin, 1845, 5 Sm. & M. 379, it was held, that, whatever may be the rule with reference to notes, where the demand can be made instantly, no demand at the place is necessary upon a note payable at a particular place, “ on demand, five months after date; ” the Court saying, p. 893, that such notes ‘ ‘ can only be regarded as notes payable at a particular time.”